Here'IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANGEL JOAQUIN DANIEL FLORES | Criminal No: 2:22-cr-139-BHH-15<br><br>**PLEA AGREEMENT** |

**General Provisions**

This PLEA AGREEMENT is made this 22d day of October, 2024, between the United States of America, as represented by United States Attorney Adair F. Boroughs, Assistant United States Attorney Chris Lietzow; the Defendant, ANGEL JOAQUIN DANIEL FLORES, and Defendant's attorney, David McCann.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Second Superseding Indictment now pending. Count 1 charges conspiracy to possess with intent to distribute and distribution of 500 grams or more of methamphetamine and a quantity of marijuana in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(A), 841(b)(1)(D), and 846.

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 1**

(1) That there was an agreement between two or more persons to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a quantity of marijuana;
(2) That the defendant knew of this agreement, or conspiracy; and
(3) That the defendant knowingly and voluntarily participated in or became part of this agreement or conspiracy.

1

For an offense penalized under 21 U.S.C. § 841(b)(1)(A), the maximum penalty for this offense is a term of imprisonment of 10 years to life, a fine of $10,000,000, supervised release for 5 years, and a special assessment of $100. If the defendant has 1 or more prior qualifying convictions (serious drug felony and/or serious violent felony), the maximum penalty for this offense is a term of imprisonment of 15 years to life, a fine of $20,000,000, supervised release for 10 years, and a $100 special assessment. If the defendant has 2 or more prior qualifying convictions (serious drug felony and/or serious violent felony), the maximum penalty is 25 years to life.

For an offense penalized under 21 U.S.C. § 841(b)(1)(D), the maximum penalty for this offense is a term of imprisonment for 5 years, a fine of $250,000, supervised release for 2 years, and a $100 special assessment. If the defendant has 1 or more prior qualifying convictions, the maximum penalty for this offense is a term of imprisonment for 10 years, a $500,000 fine, 4 years of supervised release, and a $100 special assessment.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is

2

convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.  Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the counts to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.  Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.  Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining count of the Second Superseding Indictment

3

(Count 39) at sentencing. The Defendant understands that the Court may consider this dismissed count as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. If the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government has the right, at its sole election, to void all its obligations under this Agreement and the Defendant will not have any right to withdraw his guilty plea to the offenses enumerated herein.

5. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees.

Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Indictment, and any forfeiture including:

DRUG OFFENSES:

Upon conviction for one or more felony violations of Title 21, United States Code as charged in this Second Superseding Indictment, the Defendant shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

4

PROPERTY:

Pursuant to Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant includes, but is not limited to, the following:

> Proceeds/Forfeiture Judgment:
>
> A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Second Superseding Indictment, and all interest and proceeds traceable thereto as a result of their violations of Title 21.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

The United States, pursuant to Title 21, United States Code, Section 853(p) may seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the above-described forfeitable property.

Regarding each and every asset listed in the Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

5

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this Plea Agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which the Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the Unites States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed through this plea agreement. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

### Merger and Other Provisions

6. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 120 months incarceration, followed by the appropriate statutory term of supervised release. If the Defendant complies with all the terms of this Agreement and the Court declines to impose this sentence, either party will have the right to withdraw his Federal Rule of Criminal Procedure 11(c)(1)(C) plea. If the Defendant does not comply with all the terms of this agreement, the United States may seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

7. The Attorneys for the Government agree that the Defendant will not be federally prosecuted in the Eastern District of California for evidence obtained by the Stanislaus County Special Investigations Unit on May 23, 2023, during a search of a residence associated with the Defendant so long as the Defendant complies with the terms of this Plea Agreement.

8. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of

counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

Oct. 22, 2024
Date

_____
ANGEL JOAQUIN DANIEL FLORES

October 22, 2024
Date

_____
DAVID MCCANN
ATTORNEY FOR THE DEFENDANT

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

CHRISTOPHER LIETZOW
Digitally signed by CHRISTOPHER LIETZOW
Date: 2024.10.17 11:14:58 -04'00'

_____
Date

Christopher S. Lietzow (#12301)
Assistant United States Attorney

Charleston, South Carolina

9