IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No.: 2:22-CR-00139 |
| ) | |
| v. ) | **SENTENCTING MEMORANDUM** |
| ) | |
| ANGEL JOAQUIN DANIEL FLORES, ) | |

### Introduction

ANGEL JOAQUIN DANIEL FLORES, by and through his undersigned counsel, requests the Court to consider this memorandum at the sentencing hearing scheduled for August 12, 2025. Mr. Flores entered into a plea agreement for a recommended sentence of 120 months under Rule 11(c)(1)(C). Counsel requests the Court to consider an adjustment of this agreed-upon sentence based on the extended pretrial detention period, relevant mitigating factors, the Presentence Report (PSR), and expert recommendations presented below.

### Procedural History

Mr. Flores was arrested in Stanislaus County, California, on May 23, 2023, on state charges and conduct comprising the instant offense in South Carolina. He did not post bond and remained in custody. He was indicted in the District of South Carolina on July 11, 2023, and made an initial federal appearance pursuant to a Writ of Habeas Corpus ad Prosequendum on July 19, 2023, in the Eastern District of California. Subsequently, he appeared in the District of South Carolina for arraignment on September 7, 2023, and has remained in custody since that time. As of the

sentencing date (August 12, 2025), Mr. Flores has been held in pretrial detention for a total of 812 days.

## Sentencing

Under 18 U.S.C. § 3553(a), the Court must impose a sentence sufficient but not greater than necessary to meet statutory sentencing goals. Counsel urges the Court to exercise discretion in this unique situation by granting an adjustment reflecting Mr. Flores's significant pretrial confinement, consistent with fairness and proportionality as intended by § 3553(a).

## Relevant Conduct and USPO Report

The PSR emphasizes relevant conduct involving a firearm seized during Mr. Flores's arrest in California, factored into the guideline calculations. Although the firearm increases sentencing exposure under U.S.S.G. §2D1.1(b)(1), the Court retains discretion under U.S.S.G. § 5G1.3(b) to account for the time served in state custody to avoid undue severity.

Importantly, the PSR includes drug weights from the May 23, 2023, arrest in California, specifically, 172.09 grams of cocaine, which was seized during the arrest and is factored into the total drug weight calculation.

Furthermore, The affidavit in support of the search warrant for the May 23, 2023, search of the Flores residence in California was supported by vital information supplied by a Homeland Security Agent from South Carolina. While still in California Flores was interviewed by the FBI case agents from South Carolina.

## Expert Recommendations – Jack Donson Report

Jack Donson, a recognized federal corrections expert, has reviewed Mr. Flores's case and provided key insights and recommendations:

- Mr. Flores is vulnerable due to age, lack of prior prison experience, and potential for predation in medium or high-security environments.
- There is a substantial risk of predation or extortion in a penitentiary environment.
- Targeted judicial recommendations are essential for facility designation to ensure safety and rehabilitation.
- Mr. Donson specifically recommends the BRAVE program at a medium-security facility outside the western region. Also, the Challenge Program at FCI Coleman II is recommended.
- Vocational training such as HVAC and employment through Federal Prison Industries (UNICOR) are recommended.

Additionally, Mr. Donson emphasizes the necessity of a sentence adjustment pursuant to U.S.S.G. § 5G1.3(b).

## Grounds for Adjustment

First, Mr. Flores's extended pretrial detention, lasting 812 days, is extraordinarily lengthy and significantly exceeds typical pretrial detention periods. Without an adjustment, the sentence imposed would effectively penalize Mr. Flores beyond the intended scope of the guidelines due to this prolonged pretrial custody period, resulting in undue hardship and disproportionate sentencing.

Second, the procedural complexity stemming from the interstate transfer via federal writ issuance and extradition from California to South Carolina contributes directly to the extraordinary length of Mr. Flores's pretrial detention. This complexity is not common and uniquely impacts this case, further supporting the necessity for judicial consideration and sentencing adjustment.

Third, the firearm seized in California, already included in guideline calculations, warrants cautious consideration to prevent disproportionate sentencing.

Finally, the inclusion of drug weights from the California arrest already factored into Mr. Flores's guideline calculation further underscores the interconnectedness and complexity of his case. Not granting credit for his extensive pretrial detention time, given this direct connection to the California charges, would unfairly penalize Mr. Flores and result in sentencing disproportionality.

## Conclusion

Considering Mr. Flores's prolonged pretrial confinement, procedural complexities, relevant conduct implications detailed in the PSR, his personal circumstances, and Jack Donson's expert recommendations, Mr. Flores respectfully requests the Court to exercise its discretion and grant a downward adjustment in accordance with U.S.S.G. § 5G1.3(b) from the agreed upon 120-month sentence.

Specifically, the defense requests the Court adopt the following recommendation language provided by Mr. Donson:

"The court recommends the BRAVE program outside of the western region and does not object to the assignment of a lesser security management variable to facilitate this recommendation given the defendant's age and lack of penitentiary experience. If the BOP determines a high security facility is necessary, the Challenge Program at FCI Coleman II is recommended."

Additionally, vocational training programs and Federal Prison Industries (FPI-UNICOR) are recommended to further facilitate Mr. Flores's rehabilitation and successful reintegration.

Respectfully Submitted,

/s/ *David McCann*

---

David Paul McCann
Federal #: 2908
900 Bowman RD. Suite 100
PO Box 2344
Mt. Pleasant, SC 29464
843-722-6204
dmcann@mccannlawfirm.com

Charleston, South Carolina
This 6th day of August 2025.

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date caused one true and correct copy of the within document to be served in the above-captioned case, via the courts e-noticing system, but if that means failed, then by email, on all parties of record.

s/*David P. McCann*
DAVID P. McCANN

5